**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORRAINE PATTERSON,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>CARLA MILLER; et al.,<br><br>                Defendants-Appellees. | No. 17-17234<br><br>D.C. No. 2:15-cv-00321-NVW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Lorraine Patterson appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging that defendant child services

workers violated her constitutional rights in connection with the removal of

Patterson's daughter from her custody.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). We reverse and remand.

The district court dismissed Patterson's claim that defendants fabricated or suppressed evidence in connection with the state juvenile court dependency proceeding on the ground that Patterson failed to allege that defendants deliberately lied to the juvenile court. However, Patterson alleged that defendants lied and withheld evidence in connection with the May 14, 2013 and July 5, 2014 reports submitted to the juvenile court by, among other things, falsely indicating that "per documentation the mother was neglecting her child due to substance abuse and/or mental illness." Patterson also alleged that defendants submitted a fabricated case plan dated January 5, 2014 that falsely labeled Patterson as a "drug addict mother." Liberally construed, these allegations are sufficient to state a § 1983 claim of deliberate fabrication of evidence. *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (allegation showing that social worker purposely submitted report to the court containing false statements sufficient to establish a claim for deliberate fabrication of evidence); *see also Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (elements of § 1983 deliberate fabrication claim).

Patterson's motions for judicial notice (Docket Entry Nos. 20, 25 and 26) are

17-17234

denied.

Patterson's motions to correct the docket sheet (Docket Entry Nos. 15 and 24) are denied.

**REVERSED and REMANDED.**